# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DANNY JOSEPH WILLIAMS,
Plaintiff,

vs.

HAMILTON COUNTY JUSTICE CENTER,
Defendant.

Case No. 1:17-cv-215

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

On March 30, 2017, plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 without paying the filing fee or filing a motion for leave to proceed *in forma pauperis*. (Doc. 1). On April 7, 2017, the Court issued a Deficiency Order. (Doc. 2). Plaintiff was ordered to pay the full $400 filing fee or submit to the Court a completed *in forma pauperis* application and affidavit to proceed without prepayment of fees and a certified copy of his prison trust fund account statement within thirty (30) days.[1]

To date, more than thirty (30) days after the Court's April 7, 2017 Order, plaintiff has failed to respond to the Order.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to respond to the Court's April 7, 2017 Deficiency Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

---

[1] Copies of the Order and a complaint packet were sent to plaintiff at the Hamilton County Justice Center and at the alternate address provided by plaintiff. The documents mailed to the Hamilton County Justice Center were returned to the Court marked as "undeliverable," "not here." (*See* Doc. 3, 4).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

Date: 5/9/17

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DANNY JOSEPH WILLIAMS,  
Plaintiff,

vs.

HAMILTON COUNTY JUSTICE CENTER,  
Defendant.

Case No. 1:17-cv-215

Black, J.  
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).